IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM-LATEEF ALEXANDER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> SUPERINTENDENT BROTHERS and ) <br> PA PAROLE BOARD, ) <br> ) <br> Respondents. ) | Civil Action No. 2:24-717 <br><br> Magistrate Judge Patricia L. Dodge |

## MEMORANDUM

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 1) filed by Kareem-Lateef Alexander under 28 U.S.C. § 2254 in which he challenges the decision of the Pennsylvania Parole Board ("Board") about whether to release him on parole. For the reasons set forth below, the Court will dismiss the Petition because it is moot and deny a certificate of appealability.

**I.      Relevant Background**

Alexander filed his Petition for a Writ of Habeas Corpus in May 2024. At the time, he was in the custody of the Pennsylvania Department of Corrections, which housed him at SCI Pine Grove. In the Petition, Alexander challenged the Board's March 19, 2024 decision denying him parole. As relief, he sought an order from this Court directing Respondents (the Board and the Superintendent of SCI Pine Grove) to immediately release him to parole.[2] (ECF 1 at 15.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Alexander also filed a motion for discovery. (ECF 15.) The Court will deny that motion in a separate order because this case is now moot.

Respondents filed an Answer (ECF 9) in which they asserted that the Court should deny the Petition for various reasons. They also explained that in December 2024, the Board was scheduled to again evaluate whether to release Alexander to parole.

A review of the Pennsylvania Department of Corrections' online Inmate and Parolee Locator, which is available at https://www.pa.gov/en/agencies/cor/inmate-parolee-locator.html and of which this Court takes judicial notice, confirms that Alexander has been released to parole.[3]

## II. Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). It is a well-established principle that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

---

[3] Alexander has not updated his address of record. Therefore, the Court will mail this Memorandum and accompanying final order to his address of record at SCI Pine Grove, since that is the last known address he provided to the Court.

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). That is the case here. Alexander is no longer incarcerated. He was granted parole in or around December 2024 and was released to parole. Thus, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.")

### III. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

Alexander is not entitled to a certificate of appealability because jurists of reason would not find it debatable that all of his claims should be dismissed as moot. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. Conclusion

Based on all the foregoing, the Court will dismiss the Petition because it is moot and deny a certificate of appealability. An appropriate Order follows.


Dated: February 4, 2025              /s/ Patricia L. Dodge
                                     PATRICIA L. DODGE
                                     United States Magistrate Judge